126 T.C. No. 12


UNITED STATES TAX COURT



GARWOOD IRRIGATION COMPANY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 1459-03.                    Filed May 1, 2006.



     P, an S corporation, is due an overpayment that
exceeds $10,000.  R computes that overpayment using the
Federal short-term rate plus 0.5 percentage point
according to R's reading of sec. 6621(a)(1), I.R.C.  P
maintains that it should not be treated as a
corporation for purposes of determining the applicable
rate because of its S corporation election.  P's
position is based upon sec. 6621(c)(3), I.R.C., which
is cross-referenced in sec. 6621(a)(1), I.R.C.

     <u>Held</u>:  The lower corporate rate set forth in the
flush language of sec. 6621(a)(1), I.R.C., applies to C
corporations, and P is entitled to the higher rate of
overpayment interest set forth in sec. 6621(a)(1)(B),
I.R.C., for corporations (the Federal short-term rate,
plus 2 percentage points).

Donald F. Wood and Benjamin M. Leff, for petitioner.

Richard T. Cummings and Michael W. Bentley, for respondent.


OPINION


GOEKE, Judge:  Petitioner has filed a motion under Rule 261[1] seeking a redetermination of overpayment interest.  The issue is the appropriate rate of interest on petitioner's overpayment.

The underlying facts of this case are set out in detail in Garwood Irrigation Co. v. Commissioner, T.C. Memo. 2004-195, and are incorporated herein by this reference.  Petitioner is entitled to recover with interest an overpayment of tax on its built-in gain for the taxable year ending December 31, 1999, pursuant to our Memorandum Opinion.  Petitioner elected status as an S corporation effective January 1, 1997, and remains such.

In determining the interest due petitioner relative to that overpayment, respondent applied the reduced interest rate provided in the flush language of section 6621(a)(1).  Petitioner disputes this computation in a timely filed motion under Rule 261.  Petitioner seeks the higher interest paid to noncorporate taxpayers under section 6621(a)(1)(A) and (B) rather than the lower rates for corporations provided in the parenthetical language of subparagraph (B) and the flush language of section

_____

[1]Rule references are to the Tax Court Rules of Practice and Procedure.  Section references are to the Internal Revenue Code.

6621(a)(1).  In other words, petitioner seeks interest to exceed the Federal short-term rate by 3 percent instead of 0.5 percent.

Section 6621(a)(1) provides:

SEC. 6621.  DETERMINATION OF RATE OF INTEREST.

(a)  General Rule.--

(1)  Overpayment rate.--The overpayment rate established under this section shall be the sum of--

(A)  the Federal short-term rate determined under subsection (b), plus

(B)  3 percentage points (2 percentage points in the case of a corporation).

To the extent that an overpayment of tax by a corporation for any taxable period (as defined in subsection (c)(3), applied by substituting "overpayment" for "underpayment") exceeds $10,000, subparagraph (B) shall be applied by substituting "0.5 percentage point" for "2 percentage points".

The gist of this dispute is the cross-reference to subsection (c)(3).  Subsection (c)(3) provides:

(3)  Large corporate underpayment.--For purposes of this subsection--

(A)  In general.--The term "large corporate underpayment" means any underpayment of a tax by a C corporation for any taxable period if the amount of such underpayment for such period exceeds $100,000.

(B)  Taxable period.--For purposes of subparagraph (A), the term "taxable period" means–

(i) in the case of any tax imposed by subtitle A, the taxable year, or

(ii) in the case of any other tax, the period to which the underpayment relates.

Petitioner maintains that the term that is defined by subsection (c)(3) is not "taxable period" as respondent asserts, but rather "overpayment of tax by a corporation for any taxable period".  Petitioner makes this argument in order to incorporate not simply the provisions of subsection (c)(3)(B) of section 6621 into the operation of section 6621(a)(1), but also subsection (c)(3)(A).  Thereby petitioner hopes to limit the meaning of "corporation" in subsection (a)(1) to C corporations.  In other words, this dispute turns on what is defined for purposes of the flush language in subsection (a)(1) by the cross-reference to subsection (c)(3) of section 6621.

Respondent counters that subsection (c)(3)(A) provides a different threshold than subsection (a)(1), $100,000 rather than $10,000.  The parenthetical in subsection (a)(1) substitutes "overpayment" for "underpayment", but it does not say "$10,000" rather than "$100,000".  The lower threshold is set forth after the parenthetical.  This creates a question as to why Congress did not more artfully express the incongruity in dollar thresholds, if petitioner's argument is assumed to be correct. Respondent argues that if "taxable period" is the defined term,

the incongruity of the threshold amount is avoided because only subsection (c)(3)(B) is required to define the term. Petitioner forms its counterargument out of the broader reference in the flush language of subsection (a)(1) to subsection (c)(3) rather than subsection (c)(3)(B). Petitioner states that the broader subsection reference is intentional and must not be disregarded. Petitioner reasons that the reference to subsection (c)(3) means that "overpayment" and the words that follow are included in the defined term, not simply "taxable period".

Another complication is that subsection (c)(3) does not define "underpayment" but rather the phrase "large corporate underpayment". "Large corporate overpayments" does not appear in subsection (a)(1).

Because neither party's interpretation is without difficulty, we find the statutory language to be ambiguous, and we find reference to legislative history is appropriate. While we do not find a definitive answer in the legislative history, there is some guidance. The stated reason for the addition of the flush language to section 6621(a)(1) was:

> Distortions may result if the rates of interest in the Code differ appreciably from market rates. Reducing the overpayment rate for large corporate overpayments of taxes will reduce the possibility of distortions.

H. Rept. 103-826 (Pt. 1), at 178 (1994), 1995-1 C.B. 250, 254.

The phrase "large corporate overpayments" in the committee report is significant since it echoes the definition of "large corporate underpayment" in subsection (c)(3). This parallel language causes us to find that the reference to "(c)(3)" rather than "(c)(3)(B)" was intentional and tilts the scales of the statutory interpretation to petitioner's broader reading. It follows that the overpayments subject to the lower rate of overpayment interest set forth in the flush language are those of C corporations, and petitioner is not limited to the 0.5-percent addition to the Federal short-term rate.

We have also considered that petitioner was at one time a C corporation and is only now subject to a corporate-level tax liability because of its prior status and the operation of section 1374. However, this does not change our conclusion because in interpreting the application of section 6621(c)(3) to underpayments, section 301.6621-3(b)(3), Proced. & Admin. Regs., provides that after the year of the S corporation election, the S corporation is not to be treated as a C corporation in applying the large corporate underpayment provision of section 6621(c)(3). We find that the overpayment provisions of section 6621(a)(1) should be applied in the same manner.

We are left with one final issue. Petitioner seeks the additional 3 percentage points provided for a noncorporate taxpayer in section 6621(a)(1)(B), but that section provides

clearly "2 percentage points in the case of a corporation". While we agree with petitioner that "corporation" in the flush language means C corporation as a result of the cross-reference to subsection (c)(3), we do not find that cross-reference applicable to the operation of subsection (a)(1)(B) and are left with the word "corporation" with no cross-reference. The general definition of "corporation" in section 7701(a)(3) and section 301.7701-2(b)(1), Proced. & Admin. Regs., does not distinguish between C and S corporations. Accordingly, we find petitioner is entitled to an additional 2 percentage points interest, rather than the 3 percentage points for noncorporate taxpayers.

To reflect the foregoing,

An appropriate order

will be entered.